# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| AMANDA HEINISCH,<br>Individually and on behalf<br>of her minor child, K.S., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:14-CV-41(WLS) |
| vs. | ) | |
| | ) | |
| ALEX CHRISTOPHER BERNARDINI, | ) | |
| SAVANNAH CHRISTIAN CHURCH, | ) | |
| INC., REBECCA G. CROWE and | ) | |
| BRYAN COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, and files her Complaint for Damages against Defendants as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1.    Defendant Alex Christopher Bernardini ("Bernardini") is a citizen and resident of Calhoun County, Georgia.  He can be served with process at Calhoun State Prison which is located at 27823 Main Street, Morgan, Georgia 39866.

2.    Defendant Savannah Christian Church, Inc. ("Savannah Christian Church") is a Georgia corporation and can be served with process through its registered agent, Harvey C. Bream, III, 55 Al Henderson Boulevard, Savannah, Georgia 31419.

3.    Defendant Rebecca G. Crowe ("Crowe") is a citizen and resident of Bryan County, Georgia and may be served with process at 51 North Courthouse Street, Pembroke, Georgia 31321.

4.    Defendant Bryan County, Georgia is a body corporate and can be served with process through the Chairman of its Board of Commissioners, Jimmy Burnsed, located at 173 Davis Road Richmond Hill, Georgia 31324.   Plaintiff has satisfied the requirements of O.C.G.A. §36-11-1, et

seq. by giving ante litem notice to this Defendant, a copy of which is attached hereto as Exhibit "*A*" and made a part hereof by reference.  Plaintiff has satisfied all statutory conditions precedent to bringing this action against this Defendant.

5.   Jurisdiction and venue are proper in this Court.

## II.  FACTUAL ALLEGATIONS

6.   Upon information and belief, between 2011 and 2012, Defendant Alex Christopher Bernardini was a member of and had volunteered in various capacities at Defendant Savannah Christian Church.

7.   Upon information and belief, by virtue of his membership and volunteer work with Defendant Savannah Christian Church, Defendant Bernardini met K.S.

8.   At all relevant times, K.S. was a minor under the age of sixteen (16) years old.

9.   Defendant Savannah Christian Church failed to warn K.S. of Defendant Bernardini's propensity to attempt to engage and/or to actually engage in inappropriate contact with minor children.

10.   Defendant Bernardini began regularly corresponding with K.S. and represented himself to be approximately seventeen (17) years old.

11.   On at least two (2) separate occasions, in or around May of 2012, Defendant Bernardini had inappropriate sexual contact with K.S.

12.   Upon information and belief, said contact occurred in Bryan County as well as Chatham County, Georgia.

13.   Defendant Bernardini was arrested for aggravated child molestation and child molestation.

14.   Defendant Bernardini pled guilty to one count of child molestation in both Bryan County and Chatham County, Georgia.

15.   Defendant Bernardini is currently incarcerated in Calhoun State Prison.  His release date is scheduled for February 17, 2028.

16.   In connection with Defendant Bernardini's arrest, upon information and belief, Defendant

Crowe and other agents/employees of Defendant Bryan County, Georgia released K.S.'s full name and/or failed to redact her name in a description of the crime that was committed against her in violation of O.C.G.A. § 49-5-40.

17.  As a result of Defendants' actions, Plaintiff and K.S. have been severely harmed.

### III. COUNTS

### DEFENDANT ALEX CHRISTOPHER BERNARDINI

#### *Count I - Assault and Battery*

18.  Plaintiff hereby incorporates by reference paragraphs 1 through 17 as if fully set out herein.

19.  Defendant did act in a manner intended to place K.S. in a state of apprehension of immediate harmful contact by Defendant.

20.  As a result, K.S. was placed in such a state of apprehension of harmful contact by Defendant.

21.  Further, Defendant did intentionally contact K.S. in a harmful and offensive manner.

22.  Such contact was unwanted and not justified in any manner.

23.  As such, Defendant has committed an assault and battery upon K.S.

24.  As the proximate result of such intentional actions, Plaintiff and K.S. have been seriously and substantially injured entitling them to damages as pleaded herein.

#### *Count II - Intentional/Negligent Infliction of Emotional Distress*

25.  Plaintiff hereby incorporates by reference paragraphs 1 through 24 as if fully set out herein.

26.  The actions of Defendant Bernardini were so outrageous and egregious that they constitute both negligent and intentional infliction of emotional distress upon K.S.

27.  As a result of Defendant Bernardini's actions, Plaintiff and K.S. were harmed.

### DEFENDANT SAVANNAH CHRISTIAN CHURCH

#### *Count I - Negligence*

28.  Plaintiff hereby incorporates by reference paragraphs 1 through 27 as if fully set out herein.

29.  Upon information and belief, Defendant Savannah Christian Church had been placed on

notice that Defendant Bernardini had a propensity to attempt to engage and/or to actually engage in inappropriate contact with minor children.

30.   In that Defendant Bernardini was a member of Defendant Savannah Christian Church, had volunteered regularly prior to the incidents which form the basis of Plaintiff's Complaint and had been placed on notice of Defendant Bernardini's aforementioned propensity, Defendant Savannah Christian Church had a duty to warn K.S. and other minors.

31.   Defendant Savannah Christian Church breached the duty owed to K.S.

32.   As a result of Defendant Savannah Christian Church's breach, Plaintiff and K.S. were injured.

### DEFENDANT REBECCA G. CROWE

#### *Count I - Negligence Per Se*

33.   Plaintiff hereby incorporates by reference paragraphs 1 through 32 as if fully set out herein.

34.   On or around July 23, 2012, K.S. was a minor child under the age of 16.

35.   Defendant Bernardini was arrested and eventually pled guilty to child molestation in Bryan County, Georgia.

36.   Upon information and belief, Defendant Crowe released K.S.'s full name in a description of the crime that was committed against her in violation of O.C.G.A. § 49-5-40(b).

37.   As a result of Defendant Crowe's actions, Plaintiff and K.S. have been harmed.

#### *Count II - Negligence*

38.   Plaintiff hereby incorporates by reference paragraphs 1 through 37 as if fully set out herein.

39.   Defendant Crowe owed K.S. a duty of care to not disclose her identity as a minor victim of a sexual act.

40.   Defendant Crowe breached her duty.

41.   As a result of Defendant Crowe's breach, Plaintiff and K.S. were harmed.

#### *Count III - Negligent Infliction of Emotional Distress*

42.   The actions of Defendant Crowe caused K.S. to incur severe emotional distress

and pecuniary injury.

43.  As such, Defendant Crowe's actions constitute negligent infliction of emotional distress upon K.S.

44.  As a result of Defendant Bernardini's actions, Plaintiff and K.S. were harmed.

### DEFENDANT BRYAN COUNTY

#### *Count I - Respondeat Superior*

45.  Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 44 as if fully alleged herein.

46.  At all relevant times, Defendant Crowe and/or others within the Superior Court Clerk's office were acting on behalf of Defendant Bryan County, Georgia .

47.  Defendant Crowe and/or others within the Superior Court Clerk's office were , at all times pertinent to this action, acting within the scope of their employment and/or agency.

48.  Because Defendant Crowe and/or others within the Superior Court Clerk's office were , at all times pertinent to this action, acting within the scope of their employment and/or agency, their acts and omissions are imputed to Defendant Bryan County, Georgia.

49.  Consequently Defendant Bryan County, Georgia is liable for the acts of its employees and/or agents under the theory of respondeat superior.

### ALL DEFENDANTS

#### *Count I - Punitive Damages*

50.  Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 49 as if fully alleged herein.

51.  Defendants' intentional  acts and/or omissions constitute a wanton, willful, callous and conscious disregard for the rights of Plaintiff, and raises the presumption of complete disregard for the consequences of Defendants' actions, thereby entitling Plaintiff to recover punitive damages.

### *Count II - Attorneys' Fees and Expenses*

52.   Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1
through 51 as if fully alleged herein.

53.   Defendants have acted in bad faith, and have caused Plaintiff unnecessary trouble and
expense, thus entitling Plaintiff to an award of attorney's fees and expenses of litigation pursuant
to O.C.G.A. §13-6-11.

   Wherefore, Plaintiff prays:

   A.   The process issue in terms of law requiring Defendants to appear and answer this
Complaint;

   B.   That this matter be tried before a jury;

   C.   That Defendants be held liable in an amount is excess of $75,000.00;

   D.   That Plaintiff has and recover reasonable attorney's fees and expenses of litigation
against Defendants;

   E.   For such other and further relief as this Honorable Court deems just and proper.

This, the _____ day of March, 2014.


                              _____
                              Ashleigh R. Madison
                              Georgia Bar No. 346027


Southeast Law, LLC
426 Barnard Street
Savannah, GA 31401
(912) 662-6612