# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

AMANDA HEINISCH,             )
Individually and on behalf of her   )
Minor child, K.S.,            )
                            )
       Plaintiff,             )
                            )
v.                        )    Case No.  CV414-221
                            )
ALEX CHRISTOPHER BERNARDINI, )
REBECCA G. CROWE,       )
BRYAN COUNTY, GEORGIA,   )
                            )
       Defendants.[1]     )

## ORDER

Amanda Heinisch, individually and on behalf of her minor child, K.S., brought this action against three defendants, including the clerk of a state court and the clerk's county employer. Doc. 1, *as amended*, doc. 26.[2] Claiming immunity, the clerk and county move to dismiss plaintiffs' case against them, doc. 32, and to stay discovery in the meantime. Doc. 33. The dismissal motion is before the district judge, while the stay

---

[1] The Savannah Christian Church originally was a defendant but has since been dismissed pursuant to stipulation. Doc. 17. The above caption has been amended and the Clerk has already reflected this result; all future filings shall conform.

[2] For the purpose of this Order only, the Court is accepting as true the facts asserted in plaintiff's filings.

motion will be reached here.

Some background: Defendant Alex Christopher Bernardini sexually assaulted K.S., who was under 16, and he later pled guilty to child molestation charges. Doc. 26 at 2 (amended complaint). After his arrest, the Clerk of Court for Bryan County, Georgia, Rebecca G. Crowe, failed to redact from her court's docket[3] K.S.'s identifying information. "This [court] information was disseminated to the public, and [p]laintiffs

---

[3]   Plaintiffs complain that Crowe failed to redact identifying information, but mystifyingly, they never say from *where*. From their amended complaint: "In connection with Defendant Bernardini's arrest, upon information and belief, Defendant Crowe and other agents/employees of Defendant Bryan County, Georgia released K.S.'s full name and/or failed to redact her name in a description of the crime that was committed against her in violation of O.C.G.A. § 49-5-40." Doc. 26 at 3 ¶ 16; *see also id.* at 4 ¶ 31 ("Upon information and belief, Defendant Crowe released K.S.'s full name in a description of the crime that was committed against her in violation of O.C.G.A. § 49-5-40(b)."). The Court thus *guesses* that they must mean "from the court's criminal docket," or similar court medium over which Crowe had control, and from which the damaging information flowed to the public.

Georgia, by the way, maintains a Department of Family and Children Services (DFACS) to, *inter alia,* protect children. *See* http://dfcs.dhs.georgia.gov/ (site last visited Oct. 29, 2014). Georgia law obligates certain individuals and institutions to report suspected child abuse to DFACS. *May v. State,* 295 Ga. 388, 392 (2014). "DFACS records concerning the reports of child abuse are confidential, OCGA § 49-5-40(b), and access to such records is limited by OCGA § 49-5-41...." *Honeycutt v. State,* 245 Ga. App. 819, 820 (2000); *see also* O.C.G.A. § 49-5-40(b) ("[e]ach and every record concerning reports of child abuse and child controlled substance or marijuana abuse which is in the custody of the department or other state or local agency is declared to be confidential, and access thereto is prohibited except as provided in Code Section 49-5-41 and Code Section 49-5-41.1."); *Darst v. State,* 323 Ga. App. 614, 620 (2013). Defamation claims have been brought in conjunction with § 49-5-40(b), *see Brown v. Rader,* 299 Ga. App. 606, 609-10 (2009), but no such claim is alleged here.

were thereby harmed." Doc. 34 at 1.

Plaintiffs bring intentional tort claims (assault, battery, etc.) against Bernardini, plus emotional distress claims against Crowe in both her individual and official capacity (thus, plaintiffs sue the county itself). Doc. 32-1 at 3; doc. 34 at (plaintiffs' dismissal response brief reiterating that they are suing Crowe in both capacities and thus agreeing with Crowe that to sue her in her official capacity is to sue the county).[4] The moving defendants cite *Wallace v. Greene County*, 274 Ga. App. 776, 778 (2005) (a suit against a county employee in his official capacity is in reality a suit against the county) and argue that the claims against Crowe are subject to the county's defenses. Hence, they contend, the plaintiffs' official capacity claims are barred by sovereign immunity. Doc. 32-1 at 3. Discovery, defendants conclude, should be stayed until the immunity issue raised by the dismissal motion is resolved. Doc. 33 at 2-4.

Not so fast, plaintiffs respond. Doc. 35. They remind that they are still suing Crowe in her individual capacity, as well as Bernardini. And in

---

[4] Incidentally, no federal civil rights claims -- only state law claims -- have been raised in this diversity action. *See Rabun v. Georgia Dept. of Human Resources*, 2009 WL 427240 at * 3 (N.D. Ga. Feb. 19, 2009) (qualified immunity shielded governmental Georgia DFACS and Department of Human Resources officials in foster-care based civil rights action; parents' allegations did not support a constitutional violation).

suing Crowe in her official capacity, they assert that the county may have

insurance coverage which, under Georgia law, *could* support a waiver of

defendants' sovereign immunity to the extent of that coverage.[5] So,

plaintiffs conclude, discovery is necessary on that score. Doc. 34 at 5;

doc. 35 at 2-3.

But in pursuing Crowe in her individual capacity, plaintiffs fail to

state a substantive claim. Again, they are suing Crowe (hence, the

county) for what is, at bottom, a government official's alleged *negligent*

performance of a ministerial act.[6] The only negligence-based duty pled

---

[5] This is not a simple as it sounds. *See Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853, 856, 467 S.E.2d 186 (1996) (defense of sovereign immunity to tort liability cannot be waived by mere purchase of insurance coverage, but only pursuant to legislative act which specifically provides that sovereign immunity is waived and extent of such waiver), *abrogated on other grounds, Georgia Forestry Com'n v. Canady*, 280 Ga. 825, 830 (2006), *cited in CSX Transp., Inc. v. City of Garden City, Georgia*, 196 F. Supp. 2d 1288, 1294 (S.D. Ga. 2002); *see also id.* ("Even where a statute authorizes an insurance-backed waiver, the facts behind the claim must fall within the insurance coverage itself.").

Plaintiffs, therefore, typically must show legislative authorization, the existence of a policy, and policy coverage to support a limited immunity waiver. *See DeKalb County v. Kirkland*, ___ Ga. App. ___ 2014 WL 5151526 at * 3 (Oct. 15, 2014) ("the Plaintiffs have the burden of establishing that the County has waived its sovereign immunity."); *Wallace*, 274 Ga. App. at 778 n. 2 (noting that a "county's sovereign immunity has been waived pursuant to OCGA § 33-24-51(b), to the extent of the amount of liability insurance purchased for claims arising from the use of a motor vehicle.").

[6] They allege *no* intentional torts against Crowe, and thus the county. Doc. 26 at 4-5.

here ties into the alleged § 49-5-40(b) duty of government officials to maintain the confidentiality of records pertaining to child abuse (a statute which they assume applies to court clerks). *See supra* n. 3 (exploring that duty). But plaintiffs raise no intentional, privacy-invading, "public disclosure" tort against Crowe (and the county, via *respondeat superior*, doc. 26 at 5), as explored *supra* n. 6. Instead they plead only negligence, negligence *per se,* and negligent infliction of emotional distress. Doc. 26 at 4-5.

They appear to have pled their way out of court. A "negligent

---

*Compare Bloch v. Ribar*, 156 F.3d 673, 681 (6th Cir. 1998) (As required for a 42 U.S.C. § 1983 retaliation claim, crime victim and her husband sufficiently alleged that sheriff's adverse action caused them to suffer an injury that would chill people of ordinary firmness from continuing to engage in their constitutionally protected activity, based on allegations that sheriff intentionally and publicly revealed confidential and humiliating information regarding victim's rape by an unknown assailant, and that sheriff's public release of the private details of the rape damaged them by chilling their First Amendment right to freely criticize a public official).

Georgia government officials (state and county) typically plead official immunity against state law clams. Under that, "public agents are protected from personal liability for discretionary actions taken within the scope of their official authority, and done without wil[l]fulness, malice, or corruption. [However, t]he immunity does not extend to the negligent performance of a ministerial duty." *Wallace*, 274 Ga. App. at 779. Here, plaintiffs plead only that Crowe performed a ministerial duty negligently. Doc. 26 at 4-5. They conspicuously do *not* raise an invasion of privacy tort under Georgia law. *Compare Alexander v. New Corp.*, 2004 WL 3591340 at * 3 (S.D. Ga. Mar. 2004) (under the "public disclosure of embarrassing facts" privacy tort one must show "(1) the public disclosure of private facts; (2) the facts disclosed must be private, secluded and secret facts; and (3) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.").

infliction" claim must include an allegation of a *pecuniary* loss and injury, but none has been pled here. *Oliver v. McDade*, 328 Ga. App. 368, 370 (2014) ("a plaintiff may . . . recover damages for emotional distress flowing from a defendant's negligence, notwithstanding the absence of physical injury. But these damages are recoverable only if the plaintiff has suffered a pecuniary loss *and* has suffered an injury to the person, albeit not physical.") (emphasis added; quotes and cite omitted). Doc. 26 at 4-6 (pleading only that plaintiffs "have been harmed."). And if "[s]harp or sloppy business practices" don't make the intentional infliction grade, *Souza v. JP Morgan & Chase Co.*, 2014 WL 1338762 at * 5 (N.D. Ga. Apr. 2, 2014), then sloppy *docketing* by a court clerk won't either. So even if plaintiffs thought about amending their Complaint to include an intentional infliction count, it would still fail.

That leaves plaintiffs' negligence and negligence *per se*[7] claims.

---

[7] This later "claim" is simply a legal mechanism for proving negligence liability: "'Negligence per se' means only that if a statutory violation is found, then the party at fault breached a duty; it does not mean that the breach proximately caused the damages at issue. Proximate cause is for the jury to decide, and the jury here received instructions from the court on this matter." *Boyer v. Brown*, 240 Ga.App. 100, 101-02 (1999) (cites omitted); 14 GA. JUR. PERSONAL INJURY AND TORTS § 21:62 (Sept. 2014) ("Under Georgia law, the violation of a statute, ordinance, or mandatory regulation that imposes a legal duty for the protection of others constitutes negligence per se. To recover under a theory of negligence per se, plaintiff must show that the victim fell

Doc. 26 at 4 (Counts I & II). Yet, they make *no* demand for the nominal or compensatory damages that must be pled for *un*intentional torts. Doc. 26 at 5-6. Instead, they raise only a punitive damages claim, which requires an *intentional* tort -- something *not* pled. Doc. 26 at 4-5. And "negligence, even including gross negligence is insufficient to support a claim for punitive damages." *Boeing Co. v. Blane Intl. Group*, 276 Ga. App. 672, 676 (2005), cited in *Chaney v. Harrison & Lynam, LLC*, 308 Ga. App. 808, 819 (2011); TRIAL HANDBOOK FOR GEORGIA LAWYERS § 33:7 (3rd ed. Dec. 2013).[8] Since "a tort claim must fail where liability is established but no damages can be shown," *Blackford v. Wal-Mart Stores, Inc.*, 912 F. Supp. 537, 539 (S.D. Ga. 1996), it follows that negligence claims must fail where no recoverable damages have even been pled (again, plaintiffs seek *no* nominal or compensatory damages, doc. 26 at 5-6).

---

within the class of persons the statute was intended to protect and that the injury complained of was the type of harm the statute was intended to prevent; but a showing of negligence per se does not establish liability per se since breach of duty alone does not make a defendant liable in negligence.") (footnote omitted).

[8] *See also Whitfield v. Tequila Mexican Restaurant No. 1*, 323 Ga. App. 801, 806 (2013) ("Because we have found that the trial court properly granted summary judgment to Tequila on the negligence and gross negligence claims, Whitfield's claim for punitive damages under OCGA § 51-12-5.1 also must fail.").

Upon preliminary peek at the dismissal motion,[9] then, this case will probably be dismissed against these defendants. The motion to stay discovery in this case is therefore **GRANTED**. Doc. 33. The Court does not pass on discovery against Bernardini, since the stay motion does not concern him.

**SO ORDERED** this _12th_ day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

9 *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at *2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted").