# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

AMANDA HEINISCH,  )
Individually and on behalf of her  )
Minor child, K.S.,  )
   )
   Plaintiff,  )
   )
v.  )   Case No. CV414-221
   )
ALEX CHRISTOPHER BERNARDINI, )
REBECCA G. CROWE,  )
BRYAN COUNTY, GEORGIA,  )
   )
   Defendants.  )

## ORDER

Sued for committing intentional torts (civil assault, battery, etc.) against a minor female, *pro se* defendant Alex Christopher Bernadini moves for appointment of counsel to defend him. Doc. 42. Claiming that he is imprisoned and indigent, defendant invokes the *in forma pauperis* statute, specifically 28 U.S.C. § 1915(e)(1), which says that "[t]he court may request an attorney to represent any person unable to afford counsel." *Id.* Plaintiffs do not oppose. Doc. 46.

28 U.S.C. § 1915 was designed to enable access to the courts by indigent litigants. It thus permits the waiver of prepayment of fees and

costs, 28 U.S.C. § 1915(a), but Congress choose not to spend taxpayer money on free lawyers for indigent civil litigants. There is, after all, no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also Davis v. City of Chicago*, 219 F.R.D. 593, 598 n. 6 (N.D. Ill. 2004) ("a Defendant in a civil case has no constitutional right to counsel.").

Instead, Congress passed § 1915(e)(1), which basically authorizes a judge to "pressure an attorney to work for free." *Williams v. Grant*, 639 F. Supp. 2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request); *Nixon v. United Parcel Service*, 2013 WL 1364107 at * 2 n. 3 (M.D. Ga. Apr. 3, 2013). Even at that, a judge may do so "only in exceptional circumstances...."[1] *Bass*, 170 F.3d at 1320.

But just as there are no funds to pay lawyers for those who wish to sue, *Fowler*, 899 F.2d at 1096, likewise there are none for those who *are* sued. Nor will this Court pressure a local lawyer to donate her services to

---

1 Exceptional circumstances generally exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

a putatively judgment-proof, convicted, and imprisoned child molester,[2] and in a case where *any* sort of recovery seems dubious at best. *See* doc. 38 (prior Order granting stay of discovery, since the "deep-pocket" defendants' dismissal motion, doc. 32, will probably be granted). Defendant's motion for appointment of counsel therefore is **DENIED**. Doc. 42.

Bernadini also moves to stay this case, doc. 43, insisting that he is moving to withdraw his state court guilty plea -- presumably (he does not say) to the child molestation charges that plaintiffs have alleged. *See supra* n. 2. Defendant thus would like this case put on hold until that motion is resolved. The motion is **DENIED**. Bernadini has made no showing -- beyond his own assertion that he pled guilty based on "false testimony," doc. 43 at 2 -- that his plea-withdrawal effort would have any impact on this case, even if successful. While plaintiffs have alleged his

---

2 For the purpose of this Order, the Court will accept as true plaintiff's allegation that Bernadini pled guilty to and thus has been convicted of child molestation. Doc. 26 at 3-4 (alleging that Bernadini pled guilty to, and thus is convicted of that). As of the date of this Order, neither the state court docket nor the Georgia Department of Corrections bears online confirmation of that fact, and Bernadini is being evasive about it. Doc. 15 (his Answer generally denying plaintiffs' conviction allegation, yet listing a state prison as his address); doc. 43 (explaining that he seeks to withdraw his guilty plea in his criminal case, but never specifies the crime to which he pled).

child molestation conviction here, doc. 26 at 3-4, no criminal conviction of any crime is required before a plaintiff can sue for civil assault and battery. *See, e.g., Kohler v. Van Peteghem*, ___ Ga. App. ___, 2014 WL 5740522 at * 4 (Nov. 6, 2014); *Lawson v. Bloodsworth*, 313 Ga. App. 616, 617-18 (2012).

**SO ORDERED** this 12TH day of January, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4