IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMANDA HEINISCH, individually )
and on behalf of her minor )
child, K.S., )
 )
    Plaintiff, )
 )
v. )    CASE NO. CV414-221
 )
ALEX CHRISTOPHER BERNARDINI; )
REBECCA G CROWE; and BRYAN )
COUNTY, GEORGIA; )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendants Rebecca G Crowe and Bryan County, Georgia's Motion to Dismiss. (Doc. 32.) For the following reasons, the motion is **GRANTED**. As a result, Plaintiff's claims against Defendants Crowe and Bryan County are **DISMISSED**. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court will permit Plaintiff to amend her complaint only with respect to her claims against Defendant Crowe, in her individual capacity, because the Court is unable to rule out the possibility that the " 'underlying facts or circumstances relied upon by [Plaintiff] may be a proper subject for relief,.' " Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting Forman v. Favis, 371 U.S. 178, 182 (1962)).

Therefore, Plaintiff **SHALL** have **twenty-one days** from the date of the order to file a second amended complaint.

**BACKGROUND**

This case involves the molestation of a minor.[1] Defendant Alex Christopher Bernardini was a member of Savannah Christian Church ("Savannah Christian"), located in Savannah, Georgia. (Doc. 26 ¶ 7.) Additionally, Defendant Bernardini regularly performed volunteer work with Savannah Christian. (Id.) Through his membership and volunteer work, Defendant Bernardini met and began corresponding with K.S., who was under the age of sixteen years at the time. (Id. ¶¶ 8-9.) During their interactions, Defendant Bernardini purported to be seventeen years old.[2] (Id. ¶ 10.)

In or around May 2012, Defendant Bernardini had inappropriate sexual contact with K.S. (Id. ¶ 11.) As a result, Defendant Bernardini was arrested and charged with aggravated child molestation and child molestation. (Id. ¶ 13.) Ultimately, Defendant Bernardini pled guilty to one count of child molestation in both Bryan and Chatham

---

[1] For the purposes of ruling on Defendant's Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all of Plaintiff's well-pled facts. Am. United Life Ins. Co. v. Marinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

[2] The complaint is silent as to Defendant Bernardini's true age at the time.

County, Georgia, and is currently incarcerated at Calhoun State Prison. (Id. ¶ 14.)

According to the amended complaint, Defendant Crowe "released K.S.'s full name and/or failed to redact her name in a description of the crime that was committed against her." (Id. ¶ 16.) Plaintiff alleges claims against Defendant Crowe for negligence per se based on a violation of O.C.G.A. § 49-5-40(b), negligence, and negligent infliction of emotional distress. (Id. ¶¶ 28-40.) Plaintiff contends that Defendant Bryan County is liable for Defendant Crowe's actions under the doctrine of respondeat superior.[3] (Id. ¶¶ 41-45.)

In their Motion to Dismiss, Defendants[4] argue that Defendant Crowe, in her official capacity, and Defendant Bryan County are entitled to sovereign immunity. (Doc. 32, Attach. 1 at 3.) Additionally, Defendants maintain that O.C.G.A. § 49-5-40 does not apply to either the record made public in this case or these Defendants. (Id. at 6-7.) Finally, Defendants contend that § 49-5-40 does not create

---

[3] While not material to the Court's disposition of the pending Motion to Dismiss, Plaintiff's complaint also alleges claims against Defendant Bernardini for assault and battery, and intentional/negligent infliction of emotional distress. (Doc. 26 ¶¶ 18-27.)

[4] Because Defendant Bernardini plays no role in the Court's resolution of the pending motion, the Court will refer to Defendant Crowe and Bryan collectively as Defendants.

3

a civil cause of action (Doc. 32, Attach. 1 at 8-9); Plaintiff has failed to plead any other viable claim (id. at 9-12); and Defendant Crowe, in her individual capacity, is entitled to official immunity (id. at 12-15).

In response, Plaintiff argues that Defendants waived their immunity when they purchased insurance coverage for these types of claims. (Doc. 34 at 4-5.) In addition, Plaintiff contends that Defendants' conduct falls under § 49-5-40, which provides a civil cause of action for violations. (Id. at 5-8.) Finally, Plaintiff maintains that she has sufficiently pled claims for negligence and negligent infliction of emotional distress, and that Defendant Crowe is not entitled to official immunity. (Id. at 8-12.)

**ANALYSIS**

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[5] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted

---

[5] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. SOVEREIGN IMMUNITY

Defendants contend that Defendant Crowe, in her official capacity, and Defendant Bryan County enjoy sovereign immunity with respect to Plaintiff's claims. (Doc. 32, Attach. 1 at 3-6.) Plaintiff argues that Defendants have possibly waived their sovereign immunity by procuring liability insurance that would cover her claims. (Doc. 34 at 4-5.) The Georgia constitution states that "sovereign immunity extends to the state and all of its departments and agencies." Ga. Const. of 1990 art. 1, § 2, ¶ IX(e). This sovereign immunity also applies to counties and can only be waived by an Act of the General Assembly that specifically provides that sovereign immunity is waived and the extent of the waiver. Butler v. Dawson Cty., 238 Ga. App. 808, 809, 518 S.E.2d 430, 431 (1999); see O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). While the Georgia Tort Claims Act waives sovereign immunity with respect to claims against the state, that waiver does not extend to counties. Woodard v. Laurens Cty., 265 Ga. 404, 405, 456 S.E.2d 581, 582 (1995). With respect to counties, the General Assembly has enacted a very limited waiver that includes claims for inverse condemnation based on nuisance, Fielder v. Rice Constr. Co., 239 Ga. App. 362, 368, 522

7

S.E.2d 13, 17 (1999), and damages arising out of the use of any motor vehicle for which a county carried liability insurance, Cameron v. Lang, 274 Ga. 122, 126, 549 S.E.2d 341, 346 (2001) (citing O.C.G.A. § 33-24-51).

Contrary to Plaintiff's assertions, a county's provision of liability insurance does not always waive the county's sovereign immunity for covered claims. O.C.G.A. § 36-33-1 does waive sovereign immunity for claims against municipal corporations that are covered under an insurance policy. This waiver, however, extends only to municipal corporations, not counties. Athens-Clarke Cty. v. Torres, 246 Ga. App. 215, 216, 540 S.E.2d 225, 226 (2000).

The single case cited by Plaintiff provides no support for her position that Defendant Bryan County would have waived its immunity by purchasing liability insurance covering the events in this case. In Gilbert v. Richardson, the injury was the result of a motor vehicle collision involving a county official. 264 Ga. 744, 745, 452 S.E.2d 476, 478 (1994). That court easily determined that in O.C.G.A. § 33-24-51 the General Assembly waived counties' sovereign immunity for damages arising out of the use of any motor vehicle for which a county carried liability insurance. Id. at 748-49, 452 S.E.2d at 480-81. Of course, Gilbert is inapplicable in this case because Plaintiff's

alleged injuries are not the result of the use of a motor vehicle. Because Plaintiff has failed to establish Defendant Bryan County waived its sovereign immunity with respect to her claims, Defendants' Motion to Dismiss must be **GRANTED** with respect to Defendant Crowe, in her official capacity, and Defendant Bryan County.

III. APPLICABILITY OF O.C.G.A. § 49-5-40

Defendants contend that O.C.G.A. § 49-5-40 is inapplicable to both the document at issue in this case and Defendant Crowe, in her individual capacity. According to Defendants, § 49-5-40 "imposes a duty only on state or local agencies," not county courts or their officials. (Doc. 32, Attach. 1 at 7 (internal quotations omitted).) Plaintiff responds by contending that "Defendants are both a court and a state or local agency within the plain meaning of O.C.G.A. § 49-5-40(b)." (Doc. 34 at 6.) The relevant code section states that

> [e]ach and every record concerning reports of child abuse . . . which is in the custody of the [Department of Human Services] or other state or local agency is declared to be confidential, and access thereto is prohibited except as provided in Code Section 49-5-41 and Code Section 49-5-41.1.

O.C.G.A. § 49-5-50(b).

According to the statute's plain language, it expressly applies to only the Georgia Department of Human

9

Services or other state and local agencies. The question then becomes whether Bryan County Superior Court qualifies as a state or local agency under the statute. Given the common understanding of a governmental agency, this Court fails to see how § 49-5-50 could apply to a local county court system. In practically every example this Court could find, agency was used to refer to exclusively executive branch entities. See, e.g., 5 U.S.C. § 551(1)(B); 5 U.S.C. § 7103(a)(3); 18 U.S.C. § 6; 28 U.S.C. § 451; O.C.G.A. § 50-13-2(1); O.C.G.A. § 50-14-1(a)(1); Hubbard v. United States, 514 U.S. 695, 700 (1995) (noting that court is not agency under 18 U.S.C. § 6, but may qualify as a department of the federal government). Moreover, Black's Law Dictionary defines a state agency as "[a]n executive or regulatory body of a state." State Agency, Black's Law Dictionary (9th ed. 2009). To be fair, Black's defines a local agency as "[a] political subdivision of the state," which would include counties. Local Agency, Black's Law Dictionary (9th ed. 2009). However, even this definition is insufficient to encompass the judicial presence in a particular county. In any event, this Court concludes that without the specific inclusion of local county courts in the definition of state or local agency in the overall statutory scheme, O.C.G.A. § 49-5-50 is simply inapplicable

to Defendants.[6] Accordingly, Plaintiff's claim for negligence per se against Defendant Crowe, in her official capacity, must be dismissed.

IV. NEGLIGENCE

Plaintiff contends that her negligence claim is based on Defendants "breach of a duty not to disclose Plaintiff's information." (Doc. 34 at 8.) To establish a claim for negligence in Georgia, Plaintiff must establish (1) the existence of a legal duty; (2) a breach of that duty; (3) an injury; and (4) a causal connection between the breach and injury. Persinger v. Step By Step Infant Dev. Ctr., 253 Ga. App. 768, 769, 560 S.E.2d 333, 335 (2002) (quoting Vaughan v. Glymph, 241 Ga. App. 346, 348, 526 S.E.2d 357, 359 (1999)). The problem with Plaintiff's negligence claim is that Plaintiff has failed to identify any Georgia case recognizing a "duty not to disclose Plaintiff's identity." (Doc. 34 at 9.) This Court was equally unsuccessful in identifying any case recognizing this or some other analogous duty.

In her response, Plaintiff relies on one case to establish the existence of this duty: Multimedia WMAZ, Inc.

---

[6] Because the Court concludes that O.C.G.A. § 49-5-50 is inapplicable to Defendants, it need not address whether violations of that statute provide a civil cause of action for relief.

v. Kubach, 212 Ga. App. 707, 443 S.E.2d 491 (1994). In Kubach, the plaintiff agreed to appear on a television broadcast to discuss his Acquired Immune Deficiency Syndrome diagnosis on the condition that his identity be protected by rendering his face unrecognizable. Id. at 707, 443 S.E.2d at 493. The defendant, however, failed to obscure the plaintiff's face, ultimately disclosing his identity and diagnosis. Id. Based on the defendant's failure, the court determined the Plaintiff stated a viable claim for public disclosure of private facts. Id. at 708-11, 443 S.E.2d at 493-95.

The problem with Plaintiff's reliance on Kubach in this case is that she has alleged an entirely different claim in a factually dissimilar scenario. In this case, Plaintiff brings a negligence claim based on a duty to keep K.S.'s identity confidential, where Kubach involved the free standing tort of public disclosure of private facts. Additionally, the defendant in Kubach expressly assumed a duty not to disclose the plaintiff's identity. In this case, there was no express agreement that Defendants would protect her identity during legal proceedings in Bryan County Superior Court. For these reasons, this Court concludes that Kubach is inapposite and has no bearing on this case. Having failed to establish that Defendants owed

Plaintiff a legal duty, Plaintiff's negligence claim with respect to Defendant Crowe, in her individual capacity, must be dismissed.

V. <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

In Georgia, a plaintiff must show three elements to establish a claim for negligent infliction of emotional distress: (1) a physical impact on the plaintiff, (2) physical injury to the plaintiff caused by that impact, and (3) emotional distress caused by the physical injury to the plaintiff. <u>Lee v. State Farm Mut. Ins. Co.</u>, 272 Ga. 583, 586, 533 S.E.2d 82, 85 (2000). In this case, Plaintiff has failed to allege any facts establishing that she suffered a physical impact. Plaintiff appears to contend that a pecuniary loss can satisfy the physical impact rule. (Doc. 34 at 10.) Plaintiff, however, is confusing the first two elements of her claim. In certain situations, pecuniary loss can be used to satisfy the requirement that a plaintiff suffer physical injury, not physical impact. <u>See Nationwide Mut. Fire Ins. Co. v. Lam</u>, 248 Ga. App. 134, 136-37, 546 S.E.2d 283, 284 (2001) ("[A] plaintiff may recover damages for emotional distress based upon an injury to property that results in pecuniary loss if injury to the person is also present, <u>even if that injury is not physical</u>." (emphasis added)); <u>Broadfoot v. Aaron Rents,</u>

13

Inc., 200 Ga. App. 755, 757, 409 S.E.2d 870, 873 (1991) ("[F]or a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person <u>even though this injury might not be physical</u>." (emphasis added)). The requirement that Plaintiff suffer some physical impact, however, cannot be satisfied by an allegation that she suffered a pecuniary loss.

Plaintiff also contends that she need not establish a physical impact because she alleged that Defendants conduct was "wanton, willful, callous and [in] callous disregard for the rights of Plaintiff." (Doc. 34 at 11.) A plaintiff may recover on a claim for negligent infliction of emotional distress in the absence of any physical impact where the defendant's conduct is malicious, willful, or wanton. <u>Clarke v. Freeman</u>, 302 Ga. App. 831, 836, 692 S.E.2d 80, 84 (2010). However, Plaintiff's allegation fails to save her negligent infliction of emotional distress claim for two reasons.

First, Plaintiff made those allegations in support of her claim for punitive damages, not negligent infliction of emotional distress. Second, Plaintiff's statements regarding Defendant's conduct are legal conclusions, not factual allegations. Therefore, the Court must disregard

14

them when assessing the adequacy of Plaintiff's amended complaint. See Iqbal, 556 U.S. at 678. As a result, Plaintiff has failed to sufficiently allege a claim against Defendants for negligent infliction of emotional distress and this claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Rebecca G Crowe and Bryan County, Georgia's Motion to Dismiss (Doc. 32) is **GRANTED**. As a result, Plaintiff's claims against Defendants Crowe and Bryan County are **DISMISSED**. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court will permit Plaintiff to amend her complaint only with respect to her claims against Defendant Crowe, in her individual capacity, because the Court is unable to rule out the possibility that the " 'underlying facts or circumstances relied upon by [Plaintiff] may be a proper subject for relief,.' " Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting Forman v. Favis, 371 U.S. 178, 182 (1962)). Therefore, Plaintiff **SHALL** have **twenty-one days** from the date of the order to file a second amended complaint.

SO ORDERED this 28th day of September 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA