IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMANDA HEINISCH, individually
and on behalf of her minor
child, K.S.,

    Plaintiff,

v.    CASE NO. CV414-221

ALEX CHRISTOPHER BERNARDINI
and REBECCA G CROWE, in her
individual capacity,

    Defendants.

## ORDER

Before the Court is Defendant Rebecca G Crowe's Motion to Dismiss Second Amended Complaint. (Doc. 62.) For the following reasons, Defendant Crowe's motion is **GRANTED**. As a result, Plaintiff's claims against Defendant Crowe are **DISMISSED**. Plaintiff's claim against Defendant Alex Christopher Bernardini shall proceed to discovery.

## BACKGROUND

This case involves the molestation of a minor by Defendant Alex Christopher Bernardini.[1] Sometime between 2011 and 2012, Defendant Bernardini met and began

---

[1] For the purposes of ruling on Defendant Crowe's Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all of Plaintiff's well-pled facts. Am. United Life Ins. Co. v. Marinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

corresponding with K.S., who was then under the age of sixteen years. (Doc. 61 ¶¶ 6-7.) During their interactions, Defendant Bernardini purported to be seventeen years old, but was actually in his mid-twenties. (Id. ¶ 8.) In or around May 2012, Defendant Bernardini had inappropriate sexual contact with K.S. (Id. ¶ 9.) After authorities discovered the improper conduct, Defendant Bernardini was arrested and charged with aggravated child molestation and child molestation. (Id. ¶ 11.) Ultimately, Defendant Bernardini pled guilty to one count of child molestation in both Bryan and Chatham County, Georgia, and is currently incarcerated at Calhoun State Prison. (Id. ¶¶ 12-13.)

At the time of the incident, Defendant Crowe served as Clerk of Court for Bryan County Superior Court. (Id. ¶ 32.) According to the complaint, Defendant Crowe inadvertently "released K.S.'s full name in a description of the crime that was committed against [K.S.] in violation of her fundamental rights to privacy of private sexual matters and due process." (Id. ¶ 14.) Based on this disclosure, Plaintiff alleges a claim against Defendant Crowe under 42 U.S.C. § 1983 that is predicated on violations of the 14th

Amendment.[2] (Doc. 61 ¶¶ 28-41.) In addition, Plaintiff contends that Defendant Crowe's conduct violated the Georgia common law right to privacy (id. ¶¶ 42-54) and the Georgia Rape Shield Law, O.C.G.A. § 16-6-23(a) (Doc. 61 ¶¶ 55-61).[3] As relief, Plaintiff seeks compensation for emotional and financial injury, as well as punitive damages and attorney's fees. (Id. ¶¶ 41, 54, 61, 75, 76-79.)

In her Motion to Dismiss, Defendant Crowe argues first that Plaintiff's § 1983 claim fails because the 14th Amendment does not create a constitutional right to privacy in sexual matters. (Doc. 62 at 3-5.) Second, Defendant Crowe contends that she would be entitled to qualified immunity because if such a right existed, it was not clearly established. (Id. at 5-6.) Third, Defendant Crowe maintains that the complaint does not allege a valid basis for finding a violation of a Georgia common law right to privacy. (Id. at 6-7.) Finally, Defendant Crowe reasons that violations of the Georgia Rape Shield Law do not give rise to civil claims. (Id. at 7-9.)

---

[2] In her complaint, Plaintiff also bases her § 1983 claim on a purported violation of the 9th Amendment (Doc. 61 ¶ 33), but has now abandoned that argument (Doc. 65 at 3 n.1).
[3] Plaintiff's complaint includes a claim based on the right to privacy contained in the Georgia Constitution. (Doc. 61 ¶¶ 62-75.) However, Plaintiff has subsequently abandoned that claim. (Doc. 65 at 7.)

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).[4] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[4] <u>Iqbal</u> makes clear that <u>Twombly</u> has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. <u>Iqbal</u>, 556 U.S. at 684 ("Though <u>Twombly</u> determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that " 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency

5

of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. 42 U.S.C. § 1983

Defendant Crowe argues that Plaintiff's § 1983 claim lacks merit because the 14th Amendment does not create a "right to privacy of private sexual matters." (Doc. 62 at 3-5.) Claims brought under § 1983 require the deprivation of a right, privilege, or immunity secured by the constitution and laws of the United States. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). In addition, the right must have been clearly established at the time of the violation. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008)).

Despite its best efforts, this Court has been unable to find any support for the idea that the due process clause of the 14th amendment grants an individual a constitutionally protected privacy interest prohibiting a court system from publicly disclosing that the individual

6

was the victim of a sexual crime. The Eleventh Circuit Court of Appeals does not recognize any "free-standing 'right to sexual privacy.'" Williams v. Attorney Gen. of Ala., 378 F.3d 1232, 1235 (11th Cir. 2004) ("The Court has been presented with repeated opportunities to identify a fundamental right to sexual privacy—and has invariably declined."). Unsurprisingly, Plaintiff has failed to identify any case establishing the right she now seeks to vindicate as one secured by the constitution or laws of the United States.

Even assuming such a right exists, there is no support for concluding that it was clearly established prior to the events in this case. As a result, Defendant Crowe is entitled to qualified immunity. Accordingly, Plaintiff's § 1983 claim must be dismissed.

III. GEORGIA COMMON LAW

In Georgia, claims for invasion of privacy based on the public disclosure of embarrassing private facts require that "the facts disclosed to the public must be private." Cottrell v. Smith, ___ Ga. ___, 788 S.E.2d 772, 786 (2016) (quoting Cabaniss v. Hipsley, 114 Ga. App. 367, 372-73, 151 S.E.2d 496, 501 (1966)). In this respect, "facts [] contained in a public record, even though they may relate to matters of personal privacy, [] may not be considered

7

private." Phillips v. Publ'g Co., 2015 WL 5821501, at *14 (S.D. Ga. Sept. 14, 2015) (internal quotations omitted). Court records are public documents generally available for public inspection. While court records may be restricted from public view, they still remain public documents.

In this case, the information released by Defendant Crowe was public information that was restricted from public view. This restriction, however, does not change the fact that the information was part of the public record concerning the prosecution of a criminal offense. As a result, Plaintiff's claim for the common law claim for invasion of privacy based on the public disclosure of embarrassing private facts must fail because the facts disclosed were public, not private. Accordingly, Plaintiff's claim based on Georgia common law must be dismissed.

IV. <u>VIOLATION OF THE GEORGIA RAPE SHIELD LAW</u>

O.C.G.A. § 16-6-23(a) makes it

> unlawful for any news media or any other person to print and publish, broadcast, televise, or disseminate through any other medium of public dissemination or cause to be printed and published, broadcast, televised, or disseminated in any newspaper, magazine, periodical, or other publication published in this state or through any radio or television broadcast originating in the state the name or identity of any female who may have been raped or upon whom an assault with

intent to commit the offense of rape may have been made.

Violations of this statute are punishable as misdemeanors. Id. Recognizing that both O.C.G.A. § 16-6-23 and the previous codification of the rape shield statute are penal in nature, the Georgia Supreme Court has stated that "while these statutes establish the public policy of this state on this subject, neither of them created a civil cause of action for damages i[n] favor of the victim or anyone else." Cox Broad. Corp. v. Cohn, 231 Ga. 60, 62, 200 S.E.2d 127, 130 (1973), rev'd on other grounds, 420 U.S. 469 (1975). Because the statute does not create a civil cause of action, Plaintiff's claim for damages pursuant to O.C.G.A. § 16-6-23 must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Crowe's Motion to Dismiss Second Amended Complaint (Doc. 62) is **GRANTED**. As a result, Plaintiff's claims against Defendant Crowe are **DISMISSED**. Plaintiff's claim against Defendant Bernardini shall proceed to discovery.

SO ORDERED this 28th day of September 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA